## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ZHONG HUANG,                      )
                                  )
            Petitioner,           )
                                  )
-vs-                              )        NO. CIV-26-0853-HE
                                  )
SCARLET GRANT, Warden of          )
Cimarron Correctional Facility, et al.,[1]  )
                                  )
            Respondents.

### **ORDER**

Petitioner Zhong Haung seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).

According to the habeas petition and record, petitioner is a native and citizen of China who entered the United States at or near Tecate, California on or about September 15, 2023. The record indicates that petitioner was placed in removal proceedings through service of a Notice to Appear, charging petitioner as subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(a)(6)(A)(i), as being an alien present in the United States without being admitted or paroled , or who arrived in the United States at any time or place other than as designated by the Attorney General.  Petitioner was released from ICE custody under an Order of Release on Recognizance and was required to report in person periodically.  He timely

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Todd Blanche, in his official capacity as Acting Attorney General of the United States, is substituted as respondent for Pam Bondi, in her official capacity as Attorney General of the United States.*

filed an application for asylum and withholding of removal.  The record indicates that on or about April 14, 2026, petitioner appeared at the ICE office in Oklahoma City for a scheduled check-in and was taken into ICE custody.  The petition indicates that petitioner is currently detained by ICE at Cimarron Correctional Facility in Cushing, Oklahoma.

In the petition, petitioner claims his detention violates the INA and its implementing regulations as well as the Fifth Amendment due process clause.  Petitioner requests his immediate release, or in the alternative, a bond hearing in accordance with 8 U.S.C. § 1226(a).  As ordered by the court, the federal respondents have responded to the petition, asserting that petitioner's detention, pursuant to 8 U.S.C. § 1225(b)(2)(A), is proper and request the court to deny the § 2241 petition.  Petitioner has replied urging the court to follow its previous rulings, declare his detention governed by § 1226(a), and order respondents to provide him with a bond hearing or otherwise release him.

The court concludes the habeas petition should be granted in part.  Respondents acknowledge that "the Court has previously ruled on this issue and understand the present case may be decided in similar fashion." [Doc. #6, p. 10].  However, for the reasons stated in Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), as well as the reasons stated in Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents urge the court to hold petitioner is properly held pursuant to § 1225(b)(2)(A) and dismiss petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior ruling in Ramirez Rojas v. Noem, No.

CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026).  The conflicting decisions of the judges in this district and the 2-1 decisions in <u>Avila</u> and <u>Buenrostro-Mendez</u> make clear that strong arguments support both statutory readings of the parties. However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[2] and the Courts of Appeals in and the Courts of Appeals in <u>Lopez-Campos v. Raycraft</u>, ___ F.4th ___, 2026 WL 1283891, at **1-11 (6th Cir. May 11, 2026); <u>Hernandez Alvarez v. Warden, Federal Detention Center Miami</u>, ___ F.4th ___, 2026 WL 1243395, at **1-21 (11th Cir. May 6, 2026); <u>Barbosa da Cunha v. Freden</u>, ___ F.4th ___, 2026 WL 1146044, at **3-23 (2d Cir. Apr. 28, 2026), among others. Further, the court declines to reconsider its prior ruling in <u>Li v. Grant</u>, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026), that § 1226(a) applies even though petitioner applied for asylum.

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing. The court will therefore grant the habeas petition in part[3] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

---

[2] *See* <u>*Lopez v. Corecivic Cimmaron Correctional Facility*</u>*, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026);* <u>*Valdez v. Holt*</u>*, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025);* <u>*Colin v. Holt*</u>*, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025),* <u>*Escarcega v. Olson*</u>*, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

[3] *In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's other claims.*

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 21st day of May, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

4